1  H. GRANT LAW (SBN:144505)
   hlaw@shb.com
2  SARA TROPEA (SBN:227270)
   stropea@shb.com
3  AMIR NASSIHI (SBN: 235936)
   anassihi@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
5  San Francisco, California 94104
   Telephone: (415) 544-1900
6
7  Attorneys for Defendant
   FORD MOTOR COMPANY
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 DAX PIERSON                         ) Case No.: C-06-06503 PJH
                                       )
12         Plaintiff,                  ) STIPULATED PROTECTIVE ORDER RE
                                       ) DOCUMENTS AND INFORMATION
13     vs.                             ) PRODUCED BY FORD MOTOR
                                       ) COMPANY (NON-SHARING)
14 FORD MOTOR COMPANY                  )
                                       )
15         Defendant.                  )
                                       )
16 ────────────────────────────────────)

17        IT IS HEREBY STIPULATED AND AGREED, by and between DANIEL DELL'OSSO of
18 the LAW OFFICES OF THOMAS J. BRANDI, attorneys for Plaintiff DAX PIERSON ("Plaintiff"),
19 and H. GRANT LAW, of SHOOK HARDY & BACON L.L.P., attorneys for Defendant FORD
20 MOTOR COMPANY ("Ford"), that in order to facilitate discovery in the above entitled action,
21 wherein Plaintiff seeks to obtain, inspect and copy documents and/or things which Ford contends
22 contains proprietary, trade secret and other confidential information of Ford, the following
23 Stipulation and Protective Order shall be submitted to the Court.
24        1.    Documents to be produced by Ford in this litigation, which contain confidential
25 information, shall hereafter be referred to "Protected Documents." When used in this Order, the
26 word "documents" means all written material, videotapes and all other tangible items, whether
27 produced as hard copy, computer diskette, CD-ROM or otherwise. Except as otherwise indicated
28 below, documents designated by Ford as "Subject to a Non-Sharing Protective Order" or a similar

127169V2

STIPULATED PROTECTIVE ORDER
RE DOCS AND INFORMATION PRODUCED BY FORD
CASE NO C-06-06503 PJH

designation, which are produced or delivered by Ford to any party and/or each party's respective attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below. Ford will visibly mark all confidential material "Subject to a Non-Sharing Protective Order".

2. The documents which Ford shall designate as "Produced By Ford Subject To Protective Order" or "Confidential Information" will be those documents that Ford contends constitute trade secret, proprietary or confidential business (hereinafter, "Confidential Information"). Confidential Information shall include information about the business, products, practices or procedures of Ford and its agents which, in the ordinary course of business, is not voluntarily disclosed to the public, and is not voluntarily disclosed to third persons or entities who do not have a need to know. This information includes confidential and proprietary information, and documents or things which concern, reflect, embody or constitute the foregoing and may include, but shall not be limited to, correspondence, memoranda, notes, deposition transcripts and exhibits, plans, specifications, blueprints, drawings, test reports, test procedures and test manuals.

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "Confidential" designation of any document, the party will so notify Ford in writing, to allow Ford to take further appropriate action. If it believes the materials in question to have been appropriately designated as confidential, Ford shall then, within 30 days, move for a determination by the Court that the materials in question are to be treated as confidential. Any such motion shall be set at the first available mutually convenient hearing date. Any item(s) in dispute shall continue to be treated as confidential and subject to this protective order until such time as the Court issues its ruling.

4. All documents that are designated "Produced By Ford Subject To Protective Order" or "Confidential Information" shall be accorded such confidential status until such time as the

parties formally agree in writing to the contrary or determination is made by the Court as to such status.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Ford or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

   (a) Counsel of record for the parties in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

   (b) Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

   (c) Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

   (d) The Court, the Court's staff, witnesses, and the jury in this case.

7. Plaintiff/Plaintiff's Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b) and 6(c) above are "Qualified Persons" and must provide to Ford advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Plaintiff's Counsel shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been

3

disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiff/Plaintiff's Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

11. Any party wishing to file any Protected Document or any portion of any Protected Document with the Court shall file such Protected Document or portion thereof under seal. Such filing shall be done in compliance with Civ. L.R. 79-5. To that extent, documents will be filed under seal pursuant to court order authorizing the same. A party seeking to file any Protected Document or any portion of any Protected Document under seal will (1) file and serve an Administrative Motion to File Under Seal in compliance with Civ. L. R. 7-11 with the appropriate declaration, (2) prepare a proposed order sealing such document or portion of document and (3) file the document with the Clerk in the manner designated in Civ. L.R 79-5(b)(3) and (4) or Civ. L.R 79-5(c)(3), (4) and (5).

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Ford agrees not to challenge plaintiff's use at trial of any of the Confidential Documents on the grounds of lack of authenticity pursuant to the Federal Rules of Evidence 901(a). Ford specifically reserves the right to challenge the admissibility into evidence at trial of any of the

4

Confidential Documents, on any other grounds, including, but not limited to, relevance. Plaintiff acknowledges that this paragraph 13 is the result of arm's length negotiations between the parties specifically for this case and shall not be used as an admission or waiver against Ford in any other case.

14. Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents shall either (a) return to Ford the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Ford.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

AGREED AND APPROVED:

DATED: 12-28-_____, 2007         SHOOK, HARDY & BACON, L.L.P.

                                         By: _____
                                             H. GRANT LAW
                                             SARA TROPEA
                                             AMIR NASSIHI
                                             Attorneys for Defendant
                                             Ford Motor Company

DATED: 12-07-_____, 2007         LAW OFFICES OF THOMAS J. BRANDI

                                         By: _____
                                             DANIEL DELL'OSSO
                                             Attorney for Plaintiff
                                             Dax Pierson

So Ordered, this 3rd day of January 2008, ~~2007.~~

_____
Presiding Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

127169V2

6

STIPULATED PROTECTIVE ORDER
RE DOCS AND INFORMATION PRODUCED BY FORD
CASE NO. C-06-06501 PJH

## EXHIBIT A

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Non-Sharing Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the [Jurisdiction Location] in which the action of Pierson v. Ford Motor Company, Case No. C-06-06503 PJH, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This \_\_ day of _____, \_\_\_\_.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this \_\_\_ day of _____, \_\_\_\_.

_____
NOTARY PUBLIC

My Commission Expires: