**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8

9    DAX PIERSON,

10          Plaintiff,                          No. C 06-6503 PJH

11        v.                                    **ORDER**

12   FORD MOTOR COMPANY,

13          Defendant.

14   _____/

15          Plaintiff Dax Pierson was injured in 2005 when the Ford E-350 van in which he was

16   riding skidded off the road and rolled over.  Plaintiff filed suit in the Superior Court of

17   California against Patrick Scott ("Scott"), who was the driver of the van; and against Digby

18   Adler Group, LLC, d/b/a Bandago Van Rental and On the Move, Inc. ("Digby Adler Group"),

19   who had rented the van.

20          Plaintiff subsequently amended the complaint to add Ford Motor Company ("Ford")

21   as a defendant.  On August 9, 2006, the insurance carrier for Scott and Digby Adler Group

22   settled all claims asserted against them for $5,000,000.00, and those defendants were

23   dismissed from the case.  Ford then removed the action to this court.

24          The case was tried to a jury, which returned a verdict on May 27, 2009.  The jury

25   found that a design defect in the Ford E-350 van was a substantial factor in plaintiff's

26   injuries.  The jury awarded $12,349,391.00 in economic damages, and $6,000,000.00 in

27   non-economic damages.  The jury also found that Ford was 100 per cent responsible for

28   plaintiff's injuries, and that Scott was not negligent in his operation of the van.  (The jury

1   was not asked to decide whether Digby Adler Group was negligent.)

2        Before the court are three motions to modify the verdict, filed by Ford.  Having read

3   the parties' papers and carefully considered their arguments and the relevant legal

4   authority, the court hereby rules as follows.

5        1.      Motion for Reduction of Award for Past Medical Expenses

6        The jury awarded plaintiff $711,924.00 in past medical expenses.  Ford seeks a

7   reduction to the amount actually paid by plaintiff or his insurer, pursuant to Hanif v. Housing

8   Authority, 200 Cal. App. 3d 635, 643 (1988).  The parties appear to be in agreement that

9   the amount should be reduced to $650,400.78.  Accordingly, the motion is GRANTED.  The

10  award for past medical expenses shall be reduced to $650,400.78.

11       2.      Motion for Adjustment of Award for Future Medical Expenses

12       The jury awarded plaintiff $10,780,000.00 in future medical expenses, based on a

13  28-year life expectancy.  Ford seeks a $417,083.00 reduction in that amount, to

14  compensate for what it asserts was a clerical error made by the jury.  Ford points to a

15  notation stating "2/24/05 - 4/10/08" on the verdict form next to the line for past medical

16  expenses, and a notation "28 Life Exp. Starting 4/10/08" next to the line for future medical

17  expenses.

18       Ford believes that these notations indicate that the jury calculated future medical

19  expenses incorrectly, as the starting date for future medical expenses was the May 11,

20  2009 trial date, not April 10, 2008.  In the alternative, Ford seeks an evidentiary hearing to

21  determine whether the jury made a clerical error.

22       The motion is DENIED.  The dates noted on the verdict form have no significance in

23  terms of the final verdict, as they were neither requested nor required.  When the jury

24  awarded $711,924.00 in past medical expenses, it was awarding the total amount listed on

25  plaintiff's Medical Expenses exhibit, which included expenses incurred after April 10, 2008.

26  (The notation "4/10/08" most probably came from the last item on the Medical Expenses

27  exhibit.)  Moreover, the amount for future medical expenses – $10,780,000.00 – was

28  awarded based on a 28-year life expectancy, not based on a particular start date.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1        3.      Motion to for Post-Verdict Setoff to Account for Prior Settlement

2        Ford seeks a reduction of the economic damages awarded to plaintiff, arguing that it

3    is entitled to a setoff for the $5,000,000.00 settlement paid to plaintiff by the insurer for

4    former defendants Scott and Digby Adler Group.

5        Under California Code of Civil Procedure § 877, a non-settling defendant is entitled

6    to a setoff from the plaintiff's award of economic damages in the amount of settlements

7    paid prior to trial by other defendants, regardless of whether the jury finds that the settling

8    defendant(s) had no fault for the plaintiff's injuries.  See McComber v. Wells, 72 Cal. App.

9    4th 512, 516-17 (1999); Poire v. C.L. Peck/Jones Brothers Construction Corp., 39 Cal. App.

10   4th 1832, 1837 (1995).  The application of § 877 "assures that a plaintiff will not be

11   enriched unjustly by a double recovery, collecting part of his total claim from one . . . and all

12   of his claim from another."  Reed v. Wilson, 73 Cal. App. 4th 439, 444 (1999).

13       Under California's Proposition 51, passed by the voters in 1986, a tort defendant has

14   no joint liability for noneconomic damages.  Cal. Civ. Code § 1431.2.  A nonsettling

15   codefendant who sustains a money judgment is solely responsible for his share of

16   noneconomic damages as assessed by the jury; to subject noneconomic damages to a

17   setoff would effectively treat settlement money as if it were paid under a joint liability

18   system.  Espinoza v. Machonga, 9 Cal. App. 4th 268, 276 (1992).

19       By contrast, economic damages are subject to joint liability.  Id.  Therefore, a

20   nonsettling codefendant is entitled to a setoff only for the portion of the settlement

21   attributable to economic damages.  Hoch v. Allied-Signal, Inc., 24 Cal. App. 4th 48, 63-64

22   (1994); see also 5 Witkin, Summary of California Law, Torts § 99 (10th ed. 2005).

23       To determine the setoff, the court must determine the amount of the settlement

24   attributable to economic damages.  See Espinoza, 9 Cal. App. 4th at 276-77.  This is done

25   by first calculating the percentage of the damages award that is attributable to economic

26   damages.  This percentage is then applied to the settlement amount to determine the

27   portion of the settlement amount attributable to economic damages.  Finally, the economic

28   damages from the judgment are reduced by the economic damages portion of the

**United States District Court**

For the Northern District of California

1    settlement.  Id. at 277.

2         Ford argues that, under Code of Civil Procedure § 877 and Civil Code § 1431.2

3    (Proposition 51), it is entitled to a setoff of at least $3.3 million in economic damages.

4    Plaintiff contends, however, that Ford is not entitled to a setoff because the jury found that

5    Ford was 100% at fault.  Pierson cites Espinoza, asserting that the court determined the

6    setoff "based on the percentages of fault attributable to each party."  Id., 9 Cal. App. 4th at

7    277.

8         The court finds that the motion must be GRANTED, under the authority cited above,

9    and finds plaintiff's arguments to be unavailing.  The court calculates the amount of the

10   setoff to be $3,359,500.00.  First, both sides ultimately agreed that the amount awarded for

11   past medical expenses should be reduced by $61,523.22, to $650,400.78, to reflect the

12   amount actually paid to the providers by Blue Cross.  Thus, the total verdict must be

13   reduced by that same amount, from $18,349,391.00 to $18,287,867.78, and the economic

14   damages portion must be reduced from $12,349,391.00 to $12,287,867.78.[1]

15        Under this adjusted verdict, the economic losses account for 67.19 per cent of the

16   verdict ($12,287,867.78 / $18,287,867.78 = 67.19%), and the amount of the setoff therefore

17   becomes $3,359,500.00, or 67.19 per cent of the $5,000,000.00 settlement.

18

19   **IT IS SO ORDERED.**

20   Dated: August 18, 2009

21                                                    _____
                                                     PHYLLIS J. HAMILTON
22                                                   United States District Judge

23

24

25

26

27   _____

28        [1] These are also the figures that plaintiff argues should be applied, in the event that the
     court grants Ford's motion for a setoff.

4