UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAX PIERSON,

    Plaintiff,

    v.

FORD MOTOR COMPANY,

    Defendant.

_____/

No. C 06-6503 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**

    Defendant Ford Motor Company's Rule 50(b) motion for judgment as a matter of law and Rule 59 motion for a new trial came on for hearing before this court on October 21, 2009. Plaintiff appeared by his counsel Daniel Dell'Osso, Brian Malloy, James Doyle, and Kevin Quinn; and defendant appeared by its counsel Grant Law and Amir Nassihi. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court DENIES the motions as follows for the reasons stated at the hearing.

    1.    Motion for Judgment as a Matter of Law

    A party must make a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) before a case is submitted to the jury. Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

    If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b). Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. A party cannot properly "raise

arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) (citation omitted); see also Wallace v. City of San Diego, 479 F.3d 616, 631 (9th Cir. 2007). However, Rule 50(b) "may be satisfied by an ambiguous or inartfully made motion" under Rule 50(a). Reeves v. Teuscher, 881 F.2d 1495, 1498 (9th Cir. 1989).

The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves, 530 U.S. at 150. "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." Reeves, 530 U.S. at 150. Rather, the court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment after the verdict is improper. See, e.g., Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir. 1990).

The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. Josephs, 443 F.3d at 1062. The verdict must be upheld if the evidence is adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence. Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001).

As stated at the hearing, the court finds that judgment as a matter of law is not warranted, and that the evidence may permit more than one reasonable conclusion. Given the amount of circumstantial evidence submitted, and viewing the evidence in the light most favorable to the plaintiff, the court cannot say that the jury had no basis for its verdict.

2. Motion for a New Trial

The court may grant a motion for a new trial under Federal Rule of Civil Procedure 59 even if the verdict is supported by substantial evidence, if it concludes that the verdict is contrary to the clear weight of the evidence, is based on evidence which is false, or would result in a miscarriage of justice. See Silver Sage Partners Ltd. v. City of Desert Hot

Springs, 251 F.3d 814, 819 (9th Cir. 2001). Unlike for a motion for judgment as a matter of law, the court may weigh the evidence, may evaluate the credibility of the witnesses and is not required to view the evidence from the perspective most favorable to the prevailing party. United States v. Kellington, 217 F.3d 1084, 1095 (9th Cir. 2000).

However, where a movant claims that a verdict is against the clear weight of the evidence, doubts about the correctness of the verdict are not sufficient grounds for a new trial. Landes Constr. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987). "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Tennant v. Peoria & Pekin Union Ry., 321 U.S. 29, 35 (1944).

The trial court, after having given full respect to the jury's findings, must have a definite and firm conviction that the jury has made a mistake. Landes Constr. Co., 833 F.2d at 1371-72 (citations omitted). Thus, the authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).

In the Ninth Circuit, the district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). If there is no reasonable basis, "the absolute absence of evidence to support the jury's verdict" makes refusal to grant a new trial an error in law. Id. (citations omitted).

As stated at the hearing, the court finds no basis for a new trial. The court does not conclude that the jury's verdict was absolutely unsupported by evidence.

**IT IS SO ORDERED.**

Dated: October 23, 2009

PHYLLIS J. HAMILTON
United States District Judge

3