1

2

3

4                              UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7

8
DAX PIERSON,
9
              Plaintiff,                          No. C 06-6503 PJH
10
       v.                                         **ORDER**
11
FORD MOTOR COMPANY,
12
              Defendant.
13   _____/

14         Before the court is the motion of defendant Ford Motor Company ("Ford") for review

15   of the clerk's taxation of costs.  Having read the parties' papers and carefully considered

16   their arguments and the relevant legal authority, the court rules as follows.

17         This case was tried to a jury, which reached a verdict on May 27, 2009, in favor of

18   plaintiff Dax Pierson.  Plaintiff submitted a bill of costs on August 31, 2009, seeking to

19   recoup $56,432.37 in costs.  On September 15, 2009, Ford filed objections to the bill of

20   costs.

21         On October 6, 2009, the clerk taxed costs in the amount of $51,622.03.  The court

22   struck $4810.34, which included $64.74 of the amount requested as "fees of the Clerk,"

23   and $4745.60 in costs for trial transcripts.[1]  On October 14, 2009, Ford filed the present

24   motion for review of the clerk's taxation of costs.

25   _____

26         [1] Plaintiff argues in his opposition to the present motion that "Ford objects to the entire
     amount for the reporter's transcript" and that "Ford's objections are without merit."  It is true
27   that Ford objected to that request in its September 15, 2009 objections.  However, the clerk
     struck those costs, and plaintiff did not file a motion for review.  Indeed, in his conclusion to the
28   opposition to the present motion, plaintiff states that "the clerk's taxation of costs in the amount
     of $51,622.03 was reasonable."  Thus the issue of the costs of reporter's transcripts is not
     properly before the court, and is not addressed in the present order.

1

**DISCUSSION**

2

A.    Legal Standard

3

    28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs.

4

Pursuant to Federal Rule of Civil Procedure 54(d), costs (other than attorney's fees) should

5

be awarded to a prevailing party unless a statute, rule, or court order provides otherwise.

6

Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption in favor of awarding costs to

7

prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs

8

should not be awarded."  Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir.

9

1999).  Taxable costs are listed in 28 U.S.C. § 1920 as follows:

10

11

        (1) Fees of the clerk and marshal; (2) Fees for printed or electronically
        recorded transcripts necessarily obtained for use in the case; (3) Fees and

12

        disbursements for printing and witnesses; (4) Fees for exemplification and the
        costs of making copies of any materials where the copies are necessarily
        obtained for use in the case; (5) Docket fees under section 1923 of this title;

13

        (6) Compensation of court appointed experts, compensation of interpreters,
        and salaries, fees, expenses, and costs of special interpretation services

14

        under section 1828 of this title.

15

    Civil Local Rule 54-3 provides additional standards for interpreting the costs allowed

16

under § 1920.  Upon motion for review of the Clerk's taxation of costs, the Clerk's actions

17

may be reviewed by the Court.  Fed. R. Civ. P. 54(d)(1).  The taxation of costs lies within

18

the trial court's discretion.  Assoc. of Mexican-American Educators v. California, 231 F.3d

19

572, 591 (9th Cir. 2000).

20

    If the district court wishes to depart from the presumption in favor of awarding costs,

21

it must "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in

22

the circumstances, it would be inappropriate or inequitable to award costs."  Id. at 591-93.

23

District courts may consider a variety of factors in determining whether to exercise their

24

discretion to deny costs to the prevailing party.  Id. at 592-93.

25

B.    Ford's Motion

26

    Ford makes three main arguments in support of its motion.  First, Ford asserts that

27

plaintiff's bill of costs should be rejected in full because plaintiff engaged in a pattern of

28

misconduct throughout the litigation of the case.  Second, Ford contends that plaintiff seeks

2

**United States District Court**
For the Northern District of California

1  recovery for many items that are not properly taxable.  Third, Ford argues that plaintiff

2  "overreached" in the bill of costs, and the court should deny costs in full on that basis.

3      With regard to the first and third arguments, the court finds that Ford has not

4  established that the costs should be denied in full for the reasons asserted.  With regard to

5  the second argument, the court finds that a reduction in the claimed costs is warranted.

6      Ford objects to costs taxed in two categories – $48,273.53 in costs awarded for

7  "fees for printed or electronically recorded transcripts necessarily obtained for use in the

8  case;" and $2993.50 in costs awarded for "fees for exemplification and the costs of making

9  copies of any materials where the copies are necessarily obtained for use in the case."

10     1.      Transcripts Necessarily Obtained for Use in the Case

11         a.      Deposition of Patrick Mason

12     Plaintiff sought, and the clerk taxed, $710.55 for costs associated with this

13  deposition.  Ford objects to payment of $141.40 for a "rough ASCII disk," and $25.00 for a

14  "technology package."  Plaintiff has withdrawn the request for these items of costs.

15  Accordingly, the costs of the Patrick Mason deposition will be taxed at $544.15.

16         b.      Deposition of Christian Bernhardt (November 28, 2007)

17     Plaintiff sought, and the clerk taxed, $337.45 for costs associated with this

18  deposition.  Ford objects to payment of $25.00 for a "technology package."  Plaintiff has

19  withdrawn the request for this item of costs.  Accordingly, the costs of the November 28,

20  2007 Christian Bernhardt deposition will be taxed at $312.45.

21         c.      Deposition of Sharon Kawai, M.D.

22     Plaintiff sought, and the clerk taxed, $532.05 for costs associated with this

23  deposition.  Ford objects to payment of $25.00 for a "technology package."  Plaintiff has

24  withdrawn the request for this item of costs.  Accordingly, the costs of the Sharon Kawai

25  deposition will be taxed at $507.05.

26         d.      Deposition of Jordan Dalrymple

27     Plaintiff sought, and the clerk taxed, $345.45 for costs associated with this

28  deposition.  Ford objects to payment of $25.00 for a "technology package."  Plaintiff has

1  withdrawn the request for this item of costs.  Accordingly, the costs of the Jordan Dalrymple

2  deposition will be taxed at $320.45.

3               e.        Deposition of Thomas Brown

4        Plaintiff sought, and the clerk taxed, $330.40 for costs associated with this

5  deposition.  Ford objects to payment of $40.00 for a product called "TotalTranscript."

6  Plaintiff has withdrawn the request for this item of costs.  Accordingly, the costs of the

7  Thomas Brown deposition will be taxed at $290.40.

8               f.        Deposition of Patrick Scott

9        Plaintiff sought, and the clerk taxed, $367.40 for costs associated with this

10  deposition.  Ford objects to payment of $40.00 for a product called "TotalTranscript."

11  Plaintiff has withdrawn the request for this item of costs.  Accordingly, the costs of the

12  Patrick Scott deposition will be taxed at $327.40.

13               g.        Deposition of Christian Bernhardt (September 21, 2007)

14        Plaintiff sought, and the clerk taxed, $473.90 for costs associated with this

15  deposition.  Ford objects to payment of $40.00 for a product called "Total Transcript."

16  Plaintiff has withdrawn the request for this item of costs.  Accordingly, the costs of the

17  September 21, 2007 Christian Bernhardt deposition will be taxed at $433.90.

18               h.        Deposition of Dax Pierson (September 10, 2007)

19        Plaintiff sought, and the clerk taxed, $357.45 for costs associated with this

20  deposition.  Ford objects to payment of $40.00 for a product called "Total Transcript."

21  Plaintiff has withdrawn the request for this item of costs.  Accordingly, the costs of the

22  September 10, 2007 Dax Pierson deposition will be taxed at $317.45.

23               i.        Deposition of Alan Cantor (December 12, 2007)

24        Plaintiff sought, and the clerk taxed, $1073.30 for costs associated with this

25  deposition.  Ford objects to payment of $40.00 for a product called "Total Transcript," and

26  to payment of $291.00 for an unedited ASCH (RT) transcript.  Plaintiff has withdrawn the

27  request for these items of costs.  Accordingly, the costs of the December 12, 2007 Alan

28  Cantor deposition will be taxed at $742.36.

United States District Court

For the Northern District of California

1             j.       Deposition of Martha Bidez, Ph.D. (March 13, 2008)

2        Plaintiff sought, and the clerk taxed, $1115.85 for costs associated with this

3 deposition. Ford objects to payment of an amount (unspecified in the bill of costs) for

4 "rough draft." Plaintiff proposed a reduction of $233.10 for the cost of the "rough draft," and

5 Ford is amenable to that proposal. Accordingly, the costs of the March 13, 2008 Martha

6 Bidez deposition will be taxed at $882.75.

7             k.       Deposition of Robert Caldwell (March 4, 2008)

8        Plaintiff sought, and the clerk taxed, $1170.42 for costs associated with this

9 deposition. Ford objects to payment of an amount (unspecified in the bill of costs) for

10 "rough draft." Plaintiff proposed a reduction of $233.10 for the cost of the "rough draft," and

11 Ford is amenable to that proposal. Accordingly, the cost of the March 4, 2008 Robert

12 Caldwell deposition will be taxed at $937.32.

13             l.       Deposition of Velva Marlene Hansen

14        Plaintiff sought, and the clerk taxed, $252.00 for costs associated with this

15 deposition. Ford objects to payment of $27.00 for overnight delivery. Plaintiff has

16 withdrawn the request for this item of costs. Ford also objects to payment of $136.00 for

17 the cost of "synchroniz[ing] and encod[ing] videotaped deposition." Plaintiff responds that

18 this costs is properly recoverable as part of the cost of videotaping the deposition. The

19 court agrees with plaintiff, and finds that this cost is allowed under Civil Local Rule

20 54-3(c)(1). Accordingly, the cost of the Velva Marlene Hansen deposition will be taxed at

21 $225.00.

22             m.       Deposition of Gary Fowler, Ph.D. (April 14, 2008)

23        Plaintiff sought, and the clerk taxed, $2942.38 for costs associated with this

24 deposition. Ford objects to payment of $210.00 of the total, representing the cost of "CD

25 ROM Mpeg1" and "Shipping and Handling," and also objects to payment of $15.00 for a

26 "condensed transcript," and plaintiff has withdrawn the request for these items of costs

27 ($225.00).

28        In addition, Ford objects to payment of $275.00 for a conference room used for the

United States District Court

For the Northern District of California

deposition.  Local Rule 54-3(c)(1) allows for recovery of deposition transcripts, but makes no mention of conference rooms.  Moreover, plaintiff provides no basis for taxing the cost of the conference room.  The court finds that the charge for the conference room should be disallowed.

Finally, Ford objects to payment of the costs of both a transcript and the videotaping of the deposition.  Ford asserts that because the videotaped deposition was not used at trial, the cost should be disallowed as unnecessary.  Plaintiff cites Local Rule 54-3(c), which provides that the prevailing party may recover "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case."  Civ. L.R. 54-3(c)(1).  Plaintiff contends that this rule should be read as permitting recovery of the cost of an original transcript, plus a videotaped copy.

The court agrees with Ford that the cost of only one method of recording the deposition is allowable.  Federal Rule of Civil Procedure 30 authorizes videotaped depositions as an alternative to traditional stenographed depositions, and provides that the noticing party bears the recording costs.  See Fed. R. Civ. P. 30(b)(3)(A)-(B).  Local Rule 54-3 shifts the burden of payment to the non-prevailing party.  However, the word "copy" in the local rule refers to a "copy" of the "original," whatever form that may take.  Thus, in the present case, plaintiff may recover the cost of an original transcript and one copy – or the cost of a videotape, plus one copy.

The court will permit recovery of the costs of whichever method resulted in a higher cost.  Unfortunately, the court is not able to ascertain, from the documentation provided by plaintiff, how the costs are broken down.  Accordingly, plaintiff must elect the method of recording for which he seeks to recover, and must also provide clarification as to which items in the documentation are related to the costs of that method.

n.      Deposition of Christine Wood, Ph.D. (March 31, 2008)

Plaintiff sought, and the clerk taxed, $6227.30 for costs associated with this deposition.  Ford objects to payment of $345.00 for a "rough draft," and plaintiff has withdrawn this request.  Ford also objects to payment of costs for both a stenographic

1  transcript and a videotape of the deposition, particularly in light of the fact that the

2  videotape was not used at trial.

3      It appears from the documentation that the higher costs are associated with

4  stenographic transcript.  However, as with the April 14, 2008 Gary Fowler Deposition,

5  plaintiff must elect the method of recording for which he seeks to recover, and must also

6  provide clarification as to the total cost of that method (indicating which items in the

7  documentation are related to said costs).

8              o.      Deposition of Christine Wood, Ph.D. (December 12, 2008)

9      Plaintiff sought, and the clerk taxed, $2479.85 for costs associated with this

10 deposition.  Ford objects to the $436.80 for a "second certified copy," the "30.00 fee for the

11 e-tran file, and the $155.00 "rough draft" charge.  Plaintiff has withdrawn the request for

12 these items of costs (a total of $621.80).

13     In addition, plaintiff must elect the method of recording for which he seeks to

14 recover, and must also provide clarification as to the total cost of that method (indicating

15 which items in the documentation are related to said costs).

16             p.      Deposition of Geoffrey Germane, Ph.D.

17     Plaintiff sought, and the clerk taxed, $2988.47 in costs associated with this

18 deposition.  Ford objects to payment of costs of both stenographic transcripts and

19 videotaping.  Plaintiff must elect the method of recording for which he seeks to recover, and

20 must also provide clarification as to the total cost of that method (indicating which items in

21 the documentation are related to said costs).

22             q.      Deposition of Robert Piziali, Ph.D.

23     Plaintiff sought, and the clerk taxed, $5205.95 for costs associated with this

24 deposition.  Ford objects to payment of $25.00 for overnight delivery, and plaintiff has

25 withdrawn the request for that item of costs.

26     Ford also objects to payment of $800.00 for "file[ ] synchroniz[ation]," arguing that

27 that is not part of the cost of a "deposition transcript."  Plaintiff does not respond to this

28 objection.  It is difficult to tell from the documentation, but it appears that this cost was

7

United States District Court

For the Northern District of California

1   incurred in connection with a request for some expedited service, and that it is therefore not

2   allowable.

3          Finally, Ford objects to payment of costs of both stenographic recording and

4   videotaping of this deposition.  Plaintiff must elect the method of recording for which he

5   seeks to recover, and must also provide clarification as to the total cost of that method

6   (indicating which items in the documentation are related to said costs).

7                  r.      Deposition of Sharky Laguna

8          Plaintiff sought, and the court taxed, $675.00 in costs associated with videotaping

9   this deposition.  Ford objects to payment of this cost because the deponent was the

10  principal of former defendant Bandago, with whom plaintiff settled in September 2006 for

11  $5 million.  Ford argues that as a matter of "fundamental fairness and public policy" plaintiff

12  should not be permitted to recover costs incurred in connection with the prosecution of his

13  case against a former defendant.

14         Plaintiff responds that this cost should be allowed, as Local Rule 54-3(c)(1) permits

15  recovery of cost of one original and one copy of "any deposition . . . taken for any purpose

16  in connection with the case."  Plaintiff asserts that because Ford was a defendant in the

17  case at the time of the Laguna deposition (and questioned the deponent), it is not improper

18  for plaintiff to seek to recover the costs associated with this deposition.

19         Because plaintiff has made no showing that the Sharky Laguna deposition had any

20  relevance to the claims asserted against Ford, this cost will not be allowed.

21                 s.      Deposition of Roger Burnett

22         Plaintiff sought, and the clerk taxed $3082.10 in costs associated with this

23  deposition.  Ford objects to payment of $25.80 for the "litigation support package," and

24  plaintiff has withdrawn this charge.

25         Ford also objects to payment of $935.00 for "video-conferencing."  In response,

26  plaintiff asserts that "[i]n today's litigation practice, videoconferencing plays an important

27  role in conserving the parties' time and resources by allowing for depositions to be taken

28  across thousands of miles with substantially less cost than traveling to a distant place," and

United States District Court

For the Northern District of California

1   contends that "[v]ideoconferencing saves the client travel time and the expense of airfare,

2   hotel and other accommodations."  In plaintiff's view, the court "should encourage this time

3   and cost saving practice by allowing it as a recoverable expense."

4        As the court understands this argument, plaintiff's counsel elected to use

5   videoconferencing rather than traveling (and paying travel-related expenses).  However,

6   the category of costs allowed under the Local Rule is narrow and specific, and travel-

7   related costs, or substitutions for travel-related costs, are not included, nor are "expenses

8   of counsel for attending depositions."  Accordingly, this cost will not be allowed.

9        Finally, Ford objects to payment of costs of both stenographic recording and

10  videotaping of this deposition.  Plaintiff must elect the method of recording for which he

11  seeks to recover, and must also provide clarification as to the total cost of that method

12  (indicating which items in the documentation are related to said costs).

13              t.    Deposition of Dennis Schafer

14       Plaintiff sought, and the clerk taxed, $1997.50 in costs associated with this

15  deposition.  Ford objects to payment of $930.00 for "videoconferencing."  This cost will not

16  be allowed, for the reasons stated above with regard to the Roger Burnett deposition.

17  Accordingly, the costs of the Dennis Schafer deposition will be taxed at $1067.50.

18              u.    Deposition of William Ballard

19       Plaintiff sought, and the clerk taxed, $2146.17 in costs associated with this

20  deposition.  Ford objects to payment of $25.80 for a "litigation support package," and

21  plaintiff has withdrawn the request for this item of costs.

22       In addition, Ford objects to payment of costs of both stenographic recording and

23  videotaping of this deposition.  Plaintiff must elect the method of recording for which he

24  seeks to recover, and must also provide clarification as to the total cost of that method

25  (indicating which items in the documentation are related to said costs).

26              v.    Trial Preservation Testimony of Jeffrey A. Weider, M.D.

27       Plaintiff sought, and the clerk taxed, $931.15 in costs for the recordation of the

28  testimony of Dr. Weider, who was unavailable for trial.  Ford objects to payment of this item

United States District Court

For the Northern District of California

1    of costs, asserting that Local Rule 54-3(c) makes taxable the cost of deposition transcripts,

2    not preservation of trial testimony.  Ford contends in addition that it was plaintiff's counsel's

3    failure to coordinate a date for this witness to attend the trial which resulted in the necessity

4    for trial preservation testimony.

5         In response, plaintiff argues that the "trial preservation testimony" is in effect a

6    deposition, and that the costs should therefore be allowed.

7         The court agrees with plaintiff, and finds that the cost of the recordation of the

8    testimony of Dr. Weider is recoverable.  Local Rule 54-3(c)(1) allows "[t]he cost of an

9    original and one copy of any deposition . . . taken for any purpose in connection with the

10   case."  The Federal Rules of Civil Procedure "do not distinguish between depositions taken

11   for discovery purposes and those taken strictly to perpetuate testimony for presentation at

12   trial."  <u>Integra Lifesciences I, Ltd. v. Merck KgaA</u>, 190 F.R.D. 556, 558 (S.D. Cal. 1999).

13        2.      Fees for Exemplification and the Costs of Making Copies

14        Plaintiff sought, and the clerk taxed, $2193.50 for in-house copying of 8774 pages

15   at a rate of $0.25 per page, and $800.00 for the cost of renting a projector for use during

16   trial.  Ford objects to both of these charges.

17        Ford asserts that a charge of $0.25 per page for in-house copying is exorbitant, and

18   requests that the court reduce the charge to a "reasonable" charge of $0.10 per page.

19   Ford relies on a Ninth Circuit Rule 39.1.3, which provides that the clerk shall tax costs for

20   photocopying documents at a rate not to exceed $0.10 per page.  Ford seeks a reduction in

21   the copy costs to $877.40, based on a rate of $0.10 per page.

22        Ford also contends that the cost of the projector rental is not properly taxable under

23   Civil Local Rule 54-3(d)(5), and that renting the projector was also not "reasonably

24   necessary to assist the jury or the [c]ourt," as Ford offered to share its projector with

25   plaintiffs during the trial.

26        In opposition, plaintiff argues that a $0.25 per page charge is reasonable, and

27   asserts that if Ford contends to the contrary, it is required to submit a declaration by

28   counsel stating what it charges Ford for in-house copying.  Plaintiff also asserts that the

1  Ninth Circuit rules do not apply in this court.

2  The court finds that $0.10 per page is a reasonable rate for in-house copying

3  charges.  Accordingly the copying charges shall be taxed at $877.40, a reduction of

4  $1316.10.

5  The $800.00 charge for rental of the projector will be disallowed.  Local Rule 54-

6  3(d)(5) allows recovery of "[t]he costs of preparing charts, diagrams, videotapes, and other

7  visual aids to be used as exhibits" at trial.  It does not provide for recovery of the cost of

8  purchasing or renting equipment used to display those exhibits for the court and the jury.

9  **CONCLUSION**

10  In accordance with the foregoing, within 30 days of the date of this order, plaintiff

11  shall file a statement clarifying, as to the Fowler, Wood, Germane, Pizali, Burnett, and

12  Ballard Depositions, whether he elects to recover the cost of stenographic recording or the

13  cost of videotaping, and the amount sought as to each deposition (based on the

14  documentation provided with the cost bill).

15  After plaintiff files the statement, the court will issue a summary order setting forth

16  the total amount of costs to be taxed.

17

18  **IT IS SO ORDERED.**

19  Dated:  February 2, 2010

20  _____
   PHYLLIS J. HAMILTON
   United States District Judge

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California